# IN THE COURT OF APPEALS OF TENNESSEE
## AT NASHVILLE

**FILED**

**February 27, 1998**

**Cecil W. Crowson**
**Appellate Court Clerk**

WILMA JEAN LAMPLEY,     )
     )
    Plaintiff/Appellee,     )
     )     Williamson Chancery
VS.     )     No. 23651
     )
GORDON RAY LAMPLEY,     )     Appeal No.
     )     01A01-9708-CH-00423
    Defendant/Appellant.     )

## CONCURRING OPINION

I have taken the unusual step of preparing this separate opinion because the assertions in Mr. Lampley's petition for rehearing require some response. The petition states that this court's February 6, 1998 opinion "totally overlooked or refused to acknowledge" Ms. Lampley's August 1996 mortgage application in which Ms. Lampley states that her gross monthly income was $6,652. The petition also asserts that we must treat this statement as a binding admission by Ms. Lampley because of our decision in *Patterson v. Patterson*, App. No. 88-268-II, 1989 WL 5451 (Tenn. Ct. App. Jan. 27, 1989), *perm. app. denied* (Tenn. May 1, 1989). Neither assertion is correct.

Our original opinion recounts Mr. Lampley's assertion that Ms. Lampley's gross monthly income had increased dramatically after 1994 from $833 per month to $6,652 per month. We also pointed out that her net monthly income was $1,828 after deducting the expenses of her house cleaning business. Because Ms. Lampley's testimony about her net monthly income was essentially unchallenged, we considered her net monthly income when we determined whether Mr. Lampley had made out a case for reducing or eliminating his spousal support obligation. While the increase in Ms. Lampley's income may very well be a material change in circumstances, it does not necessarily follow that decreasing or eliminating her spousal support is warranted.

The circumstances of this case differ markedly from those in *Patterson v. Patterson*. Mr. Patterson testified at trial that his interest in his law partnership did

not have "any tangible value," even though he had earlier submitted a financial statement to a bank stating that the value of this interest was $100,000. This court determined that Mr. Patterson's financial statement was an admission against interest that tended to establish that the value of his interest in his law partnership was $100,000. *See Patterson v. Patterson*, 1989 WL 5451, at *2. Ms. Lampley did not provide similar inconsistent testimony in this case. She never attempted to repudiate the statement on her mortgage loan that her gross monthly income was $6,652, but rather she simply testified about her net monthly income after the expenses of her business were deducted from her gross income. The plain difference between gross and net income is sufficient to render *Patterson v. Patterson* inapposite.

_____
WILLIAM C. KOCH, JR., JUDGE